Carol Cartwright CHAPMAN, Appellant,

v.

I. B. CHAPMAN II, Individually and as Trustee of the Carol Cartwright Chapman Irrevocable Living Trust, et al., Appellees.

No. 18240.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 29, 1979.

Penner, Jones, Keith & Wagner, and James P. Wagner, Fort Worth, for appellant.

Law, Snakard, Brown & Gambill, and Robert M. Randolph and Susan S. Dunn, Miteff, Carter, Finney & Williams, and Robert D. Hoover, Fort Worth, ad litem, for appellees I. B. Chapman II and Parrish H. Chapman.

## OPINION

MASSEY, Chief Justice.

This is a bill of review case instituted by a divorced wife to set aside the property settlement provisions of a divorce decree. From a summary judgment in favor of the former husband, the wife has appealed.

We affirm.

In contemplation of divorce, I. B. Chapman II and Carol Cartwright Chapman entered into a separation and property settlement agreement. The agreement purported to divide the community property of the couple into two "roughly equal" shares. During the negotiations antecedent to execution of the agreement, the former husband was represented by counsel and aided by accountants. The wife was not represented by counsel. Shortly after the separation agreement was signed, the wife filed for divorce. In these proceedings the wife was represented by counsel. The divorce was granted, and the decree incorporated the property settlement agreement.

At a later point in time, the husband sought a change in the child support provisions of the divorce decree. In resistance to such attempt the wife hired another lawyer. During a review of the situation with the second lawyer, the wife discovered what she deemed to have amounted to misrepresentations of the husband made in order to induce her to enter into the property settlement agreement. By reason thereof she filed her suit.

In preparation for suit, the wife sought to take depositions of various persons and financial organizations. The wife's notice

of intent to take such depositions was quashed by the trial court. On appeal the wife complains that the failure of the trial court to allow her to take the depositions was an abuse of discretion as it denied her right of discovery; and that there was further abuse of discretion by failure of the trial court to grant her motion for continuance. Additionally, the wife complains that the trial court erred in granting or considering the husband's motion for summary judgment because the husband failed to satisfy the requirements therefor under Tex.R.Civ.P. 166-A, "Summary Judgment", and, furthermore, because her own pleadings raised genuine issues of material fact.

We are unable to agree with any of the wife's contentions. The circumstances of the instant case are almost identical to those in *Bankston v. Bankston,* 251 S.W.2d 768 (Tex.Civ.App.—Dallas 1952, mand. overr.). There a wife sought to overturn a property settlement agreement incorporated into a divorce decree on the ground that the settlement was procured by fraud practiced on an unrepresented and unsuspecting wife.

The divorce decree in the instant case is very similar as it embodied a property settlement agreement which was based on valuations of community property, most of which were ongoing business concerns managed by the husband. Here, as in *Bankston,* the husband had provided the wife with the material information of the value and nature of these concerns; and it was this information on which the wife relied in agreeing to the property division. Such information was contained in a sworn affidavit which set forth the personal financial statement of the husband and the wife.

It is this information which is made the basis of the wife's bill of review under detailed allegations of fraud. The wife alleged that the values assigned to the property were incorrect and were stated so as to benefit the husband. Specifically the wife alleged that (1) her former husband made representations of the value of the properties appearing in the schedules (the personal financial statements), (2) the question of value was a material fact when the property settlement was made, (3) the representations made by the husband were false when they were made, (4) the representations were made to induce her to rely on them so that she would enter into the property settlement agreement, (5) the representations were relied upon and her reliance was the reason she entered into the settlement agreement, and (6) as a result of the representations by the husband, the wife was injured and suffered damages because she did not receive that to which she was justly entitled. The wife did not, however, allege any specific act of fraud on the part of her former husband; nor did she specify any particular property which had been allegedly undervalued, nor its proper value.

The husband's motion for summary judgment was supported by sworn affidavits which included a certified copy of the divorce decree and a sworn statement by his certified public accountant attesting to the valuation of the property included in the property settlement agreement. The sworn statements attested to the method by which the husband's property was valued at the time the divorce was decreed.

■ In reviewing a summary judgment case, the evidence is to be considered in the most favorable light to the party against whom the motion was granted. In this bill of review case, we must examine the evidence which the wife could or did present to the trial court. The theory upon which the wife sought relief was fraud by her husband. We must carefully scrutinize the facts presented as they pertain to such fraud, in particular to its nature and character, i. e., "intrinsic" or "extrinsic".

■ The wife made no allegations as to how and when her husband's fraud was discovered, or why it was not discovered sooner than it was. She simply concluded that as a result of the fraud, she would be entitled to more money than was received. In the posture of the case on motion for summary judgment this should have been supported by affidavits which identified with specificity the property involved and its value. Instead, the wife merely relied

on general allegations and complained that she should have received a larger amount from the property settlement. This is insufficient.

■ Addressing the wife's allegations of fraud, we hold her complaint to have been based solely upon intrinsic fraud of her husband. In order to vacate the judgment, the wife must fail unless she can show extrinsic fraud. As in *Bankston*, 251 S.W.2d 768, 772, the fraud alleged at most relates to untruths which misled the wife into acquiescence and approval of an unjust division of property. Furthermore, assuming presentment that misrepresentations were made by the husband upon which the wife relied, the misrepresentations obviously bore only on matters at issue in the former trial (or which could have been at issue on that trial) and therefore amounted to no more than intrinsic fraud.

■ In order to vacate the divorce judgment by applicable Texas law the wife must show extrinsic fraud, that is "fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication, * * *." *Bankston* at 251 S.W.2d 768, 772.

■ As stated in *State v. Wright*, 56 S.W.2d 950, 952 (Tex.Civ.App—Austin 1933, no writ), "[T]he fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed 'extrinsic fraud'. *By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial.*" (Emphasis supplied.) Thereafter examples were set forth where on the first trial plaintiff had been misled by his adversary by fraud or deception, did not know of the suit, or was misled by his attorney—in other words fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert.

■ The record in this case establishes that the wife was only able to raise as an issue mere intrinsic fraud, a species of fraud which, even if established, would be insufficient to vacate the judgment. For that reason summary judgment was proper.

Similar, though distinguishable, cases where summary judgments were reversed are: *Brownson v. New*, 259 S.W.2d 277 (Tex.Civ.App.—San Antonio 1953, writ dism'd); *Dudley v. Lawler*, 468 S.W.2d 160 (Tex.Civ.App.—Waco 1971, no writ). Similar cases where summary judgments were affirmed are: *Raney v. Mack*, 504 S.W.2d 527 (Tex.Civ.App.—Texarkana 1973, no writ); *Biggs v Biggs*, 553 S.W.2d 207 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ dism'd); *Kuper v. Kuper*, 336 S.W.2d 819 (Tex.Civ.App.—Amarillo 1960, writ dism'd).

Cases upon the law, apart from those by summary judgment, are: *McMurry v. McMurry*, 67 Tex. 665, 4 S.W. 357 (1887), which was discussed by Judge Norvell in *Brownson v. New, supra*, 259 S.W.2d 277 at 282; *O'Meara v. O'Meara*, 181 S.W.2d 891 (Tex.Civ.App.—San Antonio 1944, writ ref'd); *Carver v. Huff*, 283 S.W.2d 317 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.); and *Neill v. Neill*, 386 S.W.2d 642 (Tex.Civ.App.—Austin 1965, writ dism'd).

■ Furthermore, under the circumstances of this bill of review case, the wife is barred by equitable estoppel from raising the issue of fraudulent concealment. "If it appears that there were facts and circumstances present at the time the false representations were made sufficient to put the injured party upon his guard or to cast suspicion upon their truth, and he neglected to avail himself of the warning thus given, he will not afterwards be heard to complain, for the reason that his own conduct contributed to his injury." *Bankston*, 251 S.W.2d 768, 773.

■ Even when new evidence is discovered, should it appear that it could have been timely discovered and produced at the former trial by the exercise of due care and diligence in searching for it or by interrogation of persons cognizant of the facts, equity cannot be invoked to later use that evidence to vacate a judgment. Such is the situation here.

■ In addition to the appeal of this case on its merits, there are two motions

which are presented for consideration. The first of these was filed by the wife to strike certain items which the husband caused to be included in the transcript. These items consist of the motions and documents filed with the Supreme Court when the wife sought leave to file a petition for writ of mandamus having relation to the trial court's denial of her attempts to obtain discovery. These items were not necessary for an adjudication of this appeal. The motion to strike this material is granted. We shall tax the costs of inclusion of this unnecessary material, $86.00, against the husband.

A second motion was filed by the husband requesting that he be permitted to file a supplemental transcript. The contents of this supplemental transcript likewise relate to the wife's attempt to obtain leave of the Supreme Court to file a petition for a writ of mandamus. For the same reason the wife's motion is granted, we deny the husband's motion. The material sought to be added is not necessary to the disposition of the appeal, and is not properly a part of the record. The motion for leave to file the supplemental transcript is denied.

We affirm the judgment of the trial court. Costs of appeal are taxed against the wife, with the exception of $86.00 thereof charged against the husband.