**Mary Ann Rathmell MORRISON, Appellant,**

v.

**John A. RATHMELL, Appellee.**

**No. 12–81–0052–CV.**

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

Rehearing Denied March 24, 1983.

Tom Alexander, Don Fogel, Butler, Binion, Rice, Cook & Knapp, John F. Nichols, Nichols & Murray, Houston, for appellant.

Kenneth M. Morris, Morris, Campbell & Seikel, Houston, for appellee.

COLLEY, Justice.

This is an appeal from a summary judgment rendered against appellant Mary Ann Morrison (Morrison) on her first amended

bill of review filed to vacate a decree of divorce and partition of the community properties of Morrison and her ex-husband, appellee herein John A. Rathmell (Rathmell), which property division was based on a property settlement agreement executed by the parties and incorporated into the decree of divorce. Morrison was petitioner in said divorce action and Rathmell was respondent. The decree by its provisions appointed Morrison as managing conservator of the three children of the marriage then under the age of eighteen years. A fourth child had attained eighteen years of age before the divorce case was heard by the trial court. Rathmell was appointed possessory conservator with certain rights of access to the children, and was ordered to pay child support in the amount of $600.00 per child each month. Rathmell's motion for summary judgment sets forth the following grounds in Paragraphs 5 and 6 thereof, to-wit:

### 5.

The Petition avers that Respondent misrepresented to Petitioner the value of the business consisting of the shares of stock in Rathmell and Co. and John Rathmell & Company, Inc. that were awarded to Respondent.

The Petition does not aver that any property belonging to the community estate of the parties was not disclosed or was not divided by the Court through adoption of the SETTLEMENT AGREEMENT.

The Petition merely alleges that Petitioner was not aware of the true value of the shares and that Respondent made false statements to her concerning the value of the shares.

The Petition only alleges fraud of an intrinsic nature that is not grounds for a bill of review as a matter of law. Therefore, Respondent is entitled to summary judgment.

### 6.

None of the four (4) children of the marriage have been joined as parties in this case. None of the children of the marriage have been served with process in this case.

The relief prayed for by Petitioner in the Petition, if granted, would affect the rights of the children under Paragraph 4 of Section II of the SETTLEMENT AGREEMENT. Therefore, the children are necessary parties to this case.

The present case constitutes a collateral attack on the DECREE OF DIVORCE in Cause No. 1,019,623 since necessary parties have not been served and made parties to this case. The Petition does not allege that the Court was without jurisdiction to enter the DECREE OF DIVORCE in Cause No. 1,019,623. Therefore, Respondent is entitled to a summary judgment in this collateral attack on the DECREE OF DIVORCE in Cause No. 1,019,623.

On September 22, 1980, the trial court conducted a hearing on Rathmell's motion for summary judgment, granted the motion and signed the judgment on November 10, 1980, which judgment recited it was based on "... all the pleadings, briefs and depositions filed or presented to the court in this case on or before September 22, 1980. ..." The motion was also orally argued by counsel. Morrison's motion for rehearing was denied by the trial court and this appeal resulted.

Morrison presents only one point of error: "The trial court erred in granting summary judgment against petitioner." Our examination of the accompanying statements and arguments contained in Morrison's brief under this general point makes it clear that Morrison contends the summary judgment is not supported by either of the two specific grounds on which it was founded, i.e., (1) Morrison's pleadings do not allege an essential element of equitable bill of review, "extrinsic fraud," but alleges facts showing only "intrinsic fraud," and (2) that failure to join the four children of the marriage of the parties to the bill of review action renders the attack on the divorce decree collateral.

Thus, the summary judgment sought and rendered as to the first ground was a judg-

ment on pleadings and must stand or fall on the allegations set forth in Morrison's First Amended Bill of Review. In testing such pleadings we assume the truth of the factual allegations made. *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.).

A brief discussion of these allegations and the summary judgment evidence is necessary to an understanding of this opinion, so we summarize the factual allegations in Morrison's pleadings as well as the material facts established by the summary judgment evidence.

## ALLEGATIONS OF BILL OF REVIEW

Morrison and Rathmell were divorced after a twenty-year marriage, during which time Rathmell was engaged in the insurance business in Houston, Texas. Morrison never worked actively in the business and knew little about its operations. Sometime during the marriage Rathmell formed two corporations to engage in the business of selling insurance, John Rathmell & Company, Inc., and Rathmell & Company (Rathmell companies). During the time period in which the property settlement was being negotiated by both of the parties, as well as their respective counsel, Rathmell had confidentially estimated to David Hales, president of Hales & Associates, Inc. of Chicago, Illinois, that Rathmell companies had a market value of $2,584,000 in June 1975. Hales & Associates, Inc. was a firm engaged in the business of consulting with corporate executives to improve and develop corporate growth of their corporations and representing national clients in acquiring or merging with other businesses in the insurance field. The Rathmell companies were in fact later sold for "... over $5,000,-000...." It is alleged that the prior decree was obtained by fraudulent misrepresentations of Rathmell that the Rathmell companies were worth only $797,950 as of May 31, 1975. When Morrison met privately with Rathmell before the divorce decree was signed, Rathmell stated that the $797,-950 value of Rathmell companies would not be re-examined, that he would not agree to

an appraisal of the business which Morrison requested and that if Morrison got any part of the Rathmell companies he (Rathmell) would leave, walk across the street and open up a new business. Rathmell forced a property settlement of the parties' properties on the basis of the $797,950 value given by him of the Rathmell companies.

## SUMMARY JUDGMENT EVIDENCE

The summary judgment evidence in this case includes the depositions of Morrison, Rathmell, David Hales and Michael J. Starshack and the exhibits accompanying same, as well as the exhibits attached to the motion for summary judgment. Rather than detailing the testimony produced by the depositions, we summarize the pertinent portions thereof.

It is undisputed that the parties were married for almost twenty years when the divorce decree was signed on October 1, 1975, and that four children were born as issue of such marriage. Morrison as petitioner filed a divorce action in March 1975 with the assistance of counsel. Both parties were represented by able counsel. Between the dates of March 19, 1975, and October 1, 1975, the parties engaged in a series of discussions relating to the division of their substantial community property assets. The evidence shows that Rathmell had been in the insurance business in Houston for many years and that he conducted his insurance business at the time of the initiation of the divorce suit through two corporations, Rathmell & Company and John A. Rathmell Company, Inc. (Rathmell companies). Sometime prior to September 29, 1975 (the date Rathmell signed the property settlement agreement), Rathmell had shown his wife a schedule of the values of his business. The first draft shown Morrison was written in longhand in pencil. Morrison examined this document and returned it to Rathmell in his lawyer's office. Later an identical schedule of values, apparently typed out by Rathmell's attorney, was furnished to Morrison's attorney and on the schedule the Rathmell companies were valued at $797,950. Morrison again met pri-

vately with Rathmell and asked for an appraisal of the Rathmell companies. Rathmell refused to agree to an appraisal and informed Morrison that the insurance companies were worthless without his presence and services, and that if she received any stock in the companies he would abandon the corporations and establish a new business. Rathmell also told Morrison that if she would forget about getting the properties appraised and accept the proposed settlement he would support the children through college.

David Hales (Hales) testified by deposition that his company, Hales & Associates, Inc., was in the business of appraising the value of insurance agencies, consultation with corporate officers and active in the merger-acquisition business. Hales stated that his firm had several large public insurance brokers who in May 1975 were looking for insurance agencies to acquire by merger. Hales testified that two of such clients were Rollins, Burdick and Hunter (R.B.H.) and Fred S. James Company (James), and that one of his associates, Bob Berry, called on Rathmell in May 1975 to determine whether or not Rathmell companies were suitable candidates for merger with clients of Hales & Associates, Inc. Hales testified that sometime in June 1975 he had a telephone conversation with Rathmell who told Hales that he (Rathmell) estimated the value of the Rathmell companies to be $2,584,000. In January 1976 Hales received a letter from Rathmell inquiring about a merger of his companies with R.B.H. and that such a negotiation between Rathmell companies and R.B.H. continued until about September 30, 1976, when the discussion between the parties was terminated. Thereafter Hales & Associates, with the permission of Rathmell, undertook to investigate and evaluate his companies for possible acquisition by James. Arrangements for the merger of Rathmell companies and James was agreed upon in January or February 1977 and, under the acquisition by James, Rathmell personally was to receive 311,975 shares of James as consideration for the merger, which stock at that time had a value of four and one-half million dollars.

James' shares were not delivered to Rathmell until late summer of 1977, at which time, according to Hales' testimony, such shares were valued at $6,000,000. Morrison in her deposition testified that she and Rathmell continued to live together during the pendency of the divorce suit and that because she trusted him she believed the evaluation of $797,950 placed on the Rathmell companies was fair.

In the hearing on the divorce action, Morrison appeared in person with her attorney and Rathmell appeared only by counsel. Morrison testified and informed the judge she thought the division of property was fair and asked the judge to approve it. Morrison received no interest in Rathmell companies under the property division.

The property settlement incorporated in the judgment contained the following provisions relating to the four Rathmell children:

4. Respondent is record owner of 859 shares of a total of 1,000 issued and outstanding shares of stock in John Rathmell & Company, Inc., all of which is awarded to Respondent. Respondent covenants and agrees that 349 shares of said stock or an amount equal to the proceeds of such shares on the date or dates of any sale of any such shares in John Rathmell & Company, Inc. shall be given to the children of the marriage of Petitioner and Respondent and the descendants of said children per stirpes either during the lifetime of Respondent (subject to the payment by the donees of any applicable gift taxes) or upon his death in trust or otherwise; provided, that nothing contained herein shall be construed to restrict Respondent's right to sell, assign, transfer or pledge any of the stock in John Rathmell & Company, Inc. If after the date of a Decree of Divorce is entered herein there is a reorganization or other change in the capital structure of John Rathmell & Company, Inc., Respondent shall satisfy the terms of this Paragraph II, 4 with the equivalent of 349 shares of such corporation.

Rathmell seeks affirmance of the summary judgment on the two grounds set forth in his motion for summary judgment, as above stated. Rathmell also argues that contrary to the requirements of Rule 166–A, Tex.R.Civ.P.,[1] that Morrison did not timely file a written response to Rathmell's motion for summary judgment (as distinguished from pleadings in the bill) setting forth the grounds upon which she relies to reverse the judgment. We note, however, that in Volume II of the transcript of this cause, at pages 120–125, Morrison's brief in response to Rathmell's motion for summary judgment is shown to have been filed "among the papers." No date or time of filing is shown, but in Volume II at pages 177–183 of the transcript we find that Rathmell's "reply brief in support ... motion for summary judgment" was filed on September 24, 1980. Rathmell's brief signed by his counsel states in part: "On the morning of the hearing [September 22, 1980] ... petitioner [Morrison] filed a document styled plaintiff's brief in response to defendant's motion for summary judgment." The judgment signed by the trial court recites in part: "Based upon all the pleadings, briefs and depositions filed or presented [sic] to the court in this cause on or before September 22, 1980 (date of hearing) ... the court finds that respondent's (Rathmell) motion should be granted." The transcript does not include any order striking either the brief filed in opposition to respondent's motion for summary judgment or the amended bill of review filed in the cause by Morrison. We assume that such instruments were filed with leave of the court since he expressly considered them in determining the motion for summary judgment. The record affirmatively reflects the same.

Morrison, under her single point of error as hereinabove mentioned, urges that her pleadings are sufficient to maintain her bill of review and that she has pleaded and proved a case of extrinsic fraud. We construe the points argued to mean that she contends that a genuine issue as to a material fact was raised by the summary judgment evidence. Morrison's response at trial to the motion for summary judgment, in part, reads: "The depositions of petitioner and respondent raise a fact issue at variance with the property settlement agreement and defendant's sworn testimony." The response further urges consideration of David Hales' deposition. We conclude that Morrison may properly seek reversal of the summary judgment on the ground that a genuine issue as to a material fact exists, that is, that Rathmell practiced extrinsic fraud against her to obtain the former divorce decree and property settlement agreement incorporated therein was raised by the summary judgment evidence. Rule 166–A(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Morrison further urged in her response to the summary judgment motion that the bill of review was not a collateral attack on the divorce decree because of the failure to join the children as parties thereto.

First, we address Rathmell's contention that failure of Morrison to join the children in the bill of review action rendered the bill of review action a collateral attack on the divorce decree. We take judicial notice that the trial court (Court of Domestic Relations No. 1, Harris County, Texas) had jurisdiction of the divorce action. The divorce judgment rendered was not void. Among the cases cited by Rathmell in his brief in support of this contention is *Hunt v. Ramsey,* 162 Tex. 133, 345 S.W.2d 260 (Tex.1961). Rathmell correctly quotes the general rule applicable to a proceeding which is instituted to vacate and set aside a judgment, that is, all parties to the judgment must be made parties to such proceeding and unless this is done the attack is collateral. *Hartel v. Dishman,* 135 Tex. 600, 145 S.W.2d 865, 870 (Tex.1940). Justice Greenhill in *Hunt* noted that the general rule may be stated another way, to-wit: " ... That all parties whose interests are such that they would be, or might be, directly and materially affected are necessary parties." (Citing among other cases

---

1. All reference to rules are to Texas Rules of   Civil Procedure.

*Pure Oil v. Reece,* 124 Tex. 476, 78 S.W.2d 932 (Tex.1935).) *Id.* 345 S.W.2d at 274. However, in *Hunt* an exception to that rule was in fact applied. Justice Greenhill first posed a question in this language: "... may [the former judgment] be set aside without the joinder of all parties to it being made parties to this action?" *Id.* The exception to the general rule, restated from 4 R. McDonald, Texas Civil Practice, Section 18.26, is: "When the bill of review attacks the interests of but one party whose interests are *severable,* others named in the former litigation [2] need not be joined." (Emphasis added.) See also *Boone v. Hulsey,* 71 Tex. 176, 9 S.W. 531 (Tex.1887).

Justice Greenhill also noted in his opinion that McDonald's statement of the exception to the rule is the holding of several "well-reasoned" Courts of Civil Appeal opinions, e.g., *Lamb v. Isley,* 114 S.W.2d 673 (Tex.Civ. App.—Beaumont, 1938, no writ), and expressly approved such holdings.

■ The rule of *Hunt v. Ramsey, supra,* as we read it, is that notwithstanding the general rule requiring joinder of all persons to a judgment sought to be vacated as urged by Rathmell, a well-established exception exists that only parties, who would or might be affected by the result of the attack on the former judgment, must be joined and others not so situated need not be so joined.

■ Turning now to our case, we hold that the bill of review does not attack the provisions of such judgment respecting the childrens' present right to receive certain properties, i.e., 349 shares of stock in Rathmell companies or its equivalent from respondent. The divorce decree may be left intact in its provisions for the children without any prejudice or inequities resulting to them. The failure to join the children therefore did render Morrison's bill of review action a collateral attack on the divorce decree. *Hunt v. Ramsey, supra; Boone v. Hulsen, supra; Lamb v. Isley, supra.*

As above stated, Rathmell also seeks to affirm the judgment below on the ground that Morrison's pleadings allege "intrinsic fraud" only and therefore the bill must fail. Rathmell cites in support of his position *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (Tex.1950); *Bankston v. Bankston,* 251 S.W.2d 768 (Tex.Civ.App.—Dallas 1952, mand. overr.); *Neill v. Neill,* 386 S.W.2d 642 (Tex.Civ.App.—Austin 1965, writ dism'd); *Chapman v. Chapman,* 591 S.W.2d 574 (Tex.Civ.App.—Fort Worth 1979, no writ); and *Risk v. Risk,* 601 S.W.2d 743 (Tex.Civ.App.—Fort Worth 1980, writ dism'd). Rathmell's principal argument is that misrepresentation by a former husband or his attorney as to values of community property asserts amount only to "intrinsic fraud."

■ Morrison argues in seeking reversal of the summary judgment that she has alleged facts which if true establish "extrinsic fraud" and that she pleaded and proved the same; and that her bill of review did not constitute a collateral attack on the divorce decree because, as Morrison contends in effect, the decree can be left intact respecting the childrens' rights and interests therein. We agree.

Rathmell's reliance on such cases as *Bankston* ignores the facts proved by the summary judgment evidence showing that Rathmell was in fact in the process of discussing or negotiating a merger of his Houston insurance businesses with R.B.H., a large national insurance broker, through Hales & Associates Company, Inc. The summary judgment evidence shows that these facts were concealed from Morrison by Rathmell. It is this combination of such concealment of material facts from Morrison with the false representations as to values given by him of his business, and the threats made by him to render the business worthless that takes this case out of the scope of *Bankston, Neill* and *Chapman* and places it squarely within the rule of *McMurry v. McMurry,* 67 Tex. 665, 4 S.W. 357 (Tex.1887). See also, *Eldridge v. Eldridge,*

---

**2.** Or parties whose interests would be or might be directly and materially affected by the result of the action. See *Hunt v. Ramsey, supra,* 345 S.W.2d at 265.

259 S.W. 209 (Tex.Civ.App.—San Antonio 1924, no writ).

In *McMurray* that court cited with approval the holding of *U.S. v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93: "In all those cases relief has been granted on the ground that by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from *presenting* all of his case to the court." (Emphasis added.) In *Eldridge v. Eldridge, supra,* a fact setting quite similar though not identical with the case here because the bill of review there did allege that some properties of the parties were hidden and not disclosed in the divorce suit by the husband, the court stated that " . . . to prevent the retention of an unconscientious advantage obtained by the opposing party, through his fraud . . . the beneficent power of equity will be exerted to undo the wrong." *Id.* 259 S.W. at 214.

It is not necessary to our decision in this case that we evaluate either the pleadings of Morrison or the summary judgment evidence respecting the first and third requirements of *Alexander v. Hagedorn, supra,* because this is a summary judgment case and such were not put in issue by Rathmell (movant), and Morrison has not had a trial on the merits of her bill. However, the record demonstrates that she has satisfied the second requirement of *Hagedorn,* viz., that she was prevented from presenting her meritorious claim by the fraud of Rathmell.

Based on our analysis of the law and the summary judgment evidence, we conclude that a genuine issue as to material fact was raised, to-wit: that Morrison was induced to agree to the property settlement agreement by false representations made by Rathmell, by coercion on his part, and by his concealment of material facts which prevented her from fully presenting her case in the divorce action, thereby precluding the entry of summary judgment. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). Therefore, the action of the trial judge in rendering a summary judgment against her on her bill of review seeking to readjudicate the property division between the parties was error requiring the reversal of that portion of such judgment.

We are persuaded by *Hunt v. Ramsey, supra,* that the correct appellate action in this cause is to reverse the summary judgment decreeing a take-nothing judgment as to plaintiff's bill of review action to re-examine and readjudicate the property division made by the divorce decree and affirm the summary judgment decreeing a take-nothing judgment as to the orders contained in the former divorce decree dissolving the marriage of the parties, providing for conservatorship and support of the four children born as issue of the marriage, and awarding such children the shares of stock or their equivalent as shown by the above-quoted provisions of the property settlement agreement.

The judgment rendered against Morrison on her bill of review action seeking to readjudicate the division of community property between her and Rathmell is reversed, severed and remanded to the trial court for trial on the merits of Morrison's bill of review, taking into account the value of the properties (shares of stock) awarded to the children in the former decree; otherwise the summary judgment is affirmed. Costs in this court are assessed against appellee Rathmell.