**Clare M. Johnson LEE, Appellant,**

v.

**Clarence G. JOHNSON, Appellee.**

**No. A14–92–00988–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1993.

James Austin Brady, Austin, for appellant.

Ben H. Sheppard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant filed a bill of review proceeding to set aside the divorce decree dividing the property of her former marriage. The appellee moved for summary judgment because of no extrinsic fraud. The trial court granted the motion for summary judgment. The appellant raises two points of error.

The parties entered into a property settlement agreement in 1978, and the trial court incorporated the agreement into its final divorce decree. The agreement, in part, states:

> Wife, in reliance on representations made by husband, has agreed to divide the property as herein set forth, ...

> With such representations and understandings, and in the event the parties are mistaken and any other community property not listed herein is discovered, the same shall be divided fifty percent to wife and fifty percent to husband.

The appellant relies on this provision to show that she relied on the appellee's representations in agreeing to the property settlement. We note that an earlier portion of the agreement states: "Each, in making the settlement, has relied on the advice of his or her own attorney and accountants as to value and as to the merits of the settlement, and upon no other representations by the other."

The appellant alleged that the appellee failed to include 9,000 shares of stock in Zytron, Inc., and a tract of land in Hidalgo County, in the inventory of community property. These assets were included in the inventory as the appellee's separate property. The appellant argues that the Zytron stock and Hidalgo County property are "community property not listed," and should be divided equally pursuant to the agreement. She also contends that the Elephant Mountain Ranch, listed in the inventory as a community asset, was undervalued in the 1978 proceedings. She argues that she relied on the appellee's "gross misvaluation" of the ranch, and that she should receive payment for the increased

value the community would have had at the time of the divorce if the ranch had been accurately valued. The trial court granted summary judgment in the appellee's favor. The appellant's first point of error challenges the summary judgment concerning the Zytron stock and Hidalgo County property. The second point challenges the summary judgment concerning the Elephant Mountain Ranch.

 To obtain relief by a bill of review, the petitioning party must allege and prove: 1) a meritorious defense to the cause of action alleged to support the judgment; 2) which he was prevented from making by the fraud, accident or wrongful conduct of the other party; 3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn,* 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950). To establish the second element, the petitioning party must prove extrinsic fraud. *Id.* 226 S.W.2d at 1001. Extrinsic fraud is a wrongful act committed by an opposing party that prevents the losing party from knowing about his rights or defenses, or from having a fair opportunity to present them at trial. *Id.*

 The appellee's summary judgment evidence showed that all of the disputed property was considered during the 1978 proceedings. The Zytron stock and Hidalgo County property were listed in the inventory and appraisement of the appellee's separate property. The inventory and appraisement included a history of acquisition of theses assets. The appellant's attorney had access to the underlying records that supported the classification of the Zytron stock as separate property. Likewise, the appellant's attorney testified that at the time the agreement was entered, he was satisfied that the Hidalgo County property was the appellee's separate property. The appellee's uncontroverted summary judgment evidence conclusively establishes that he did nothing to prevent the appellant from contesting the classification of these assets in the 1978 proceedings.

 Similarly, the valuation of the Elephant Mountain Ranch was included in the inventory and appraisement of community assets. The summary judgment evidence showed that the appellant and her attorney met with the appraiser of the ranch before accepting the appraised value. They both were aware that they had the right to obtain another appraisal, and, if necessary, contest the valuation of the ranch in court. They chose to accept the appraisal. This uncontroverted summary judgment evidence conclusively establishes that the appellee did nothing to prevent the appellant from contesting the value of the Elephant Mountain Ranch. It is well settled that misrepresentation of the value of known community assets, without more, does not constitute extrinsic fraud. *Kennell v. Kennell* 743 S.W.2d 299, 301 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Rathmell v. Morrison* 732 S.W.2d 6, 13 (Tex. App.—Houston [14th Dist.] 1987, no writ). The trial court properly granted the motion for summary judgment on the bill of review because the appellee disproved extrinsic fraud as a matter of law.

 After the appellee filed its motion for summary judgment, the appellant filed an amended petition requesting a declaratory judgment construing the language in the settlement agreement. The request for declaratory relief asked the trial court to: 1) declare that the parties were mistaken in classifying the Zytron stock and Hidalgo County property as the appellee's separate property; 2) declare that the Zytron stock and Hidalgo County property are "community property not listed" under the agreement; and 3) award the appellant one half of the value of these properties pursuant to the agreement.

The appellee filed an amended motion for summary judgment in which he argued that declaratory relief was improper. He argued the declaratory judgment action was merely an attempt to modify the 1978 decree without meeting the requirements for a bill of review. *See Cohen v. Cohen,* 632 S.W.2d 172 (Tex.App.—Waco 1982, no writ) and *Sutherland v. Sutherland,* 560 S.W.2d 531 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Each of these cases holds that declaratory judgment actions

cannot be used to attack final divorce decrees.

The appellant distinguishes *Cohen* and *Sutherland* by pointing out that they did not involve property settlement agreements. She, instead, relies on *Buck v. Rogers*, 709 S.W.2d 283 (Tex.App.—Corpus Christi 1986, no writ). That case involved a settlement agreement that provided for equal division of any undisclosed property. After the agreement was incorporated into a final divorce decree, the wife learned of her former husband's contingent fee interests in two lawsuits that were not disclosed in the settlement agreement. That case found that the trial court had jurisdiction to enter a declaratory judgment determining whether the settlement agreement applied to the contingent fees. *Id.* at 285.

Both parties in *Buck v. Rogers* agreed the fees were community property not listed in the final divorce decree. The only dispute between the parties was whether the fees were covered by the decree. In the present case, the divorce decree classifies the Zytron stock and Hidalgo County property as separate property. The appellant does not seek to have the terms of a contract construed. She seeks to change the terms of her property settlement agreement and divorce decree. This cannot be done by declaratory judgment. *Cohen v. Cohen*, 632 S.W.2d at 174; *Sutherland*, 560 S.W.2d at 533.

After the appellee filed the supplemental motion for summary judgment, and eleven days before the hearing, the appellant filed an amended petition for declaratory relief, and added causes of action for breach of contract and fraud. The appellee did not respond. However, none of the relief requested could be granted without setting aside the 1978 decree. The prayer for relief requested the trial court to *set aside* the 1978 decree, and *enter a new judgment*. As stated earlier, the appellant must prove extrinsic fraud in order to have the 1978 judgment set aside. The appellee disproved extrinsic fraud as a matter of law.

We overrule both points of error and affirm the judgment of the trial court.