**Weldon CHERRY, Appellant,**

v.

**William K. ALTMAN, John Widener, Barbara Widener and John King, Appellees.**

No. 2–93–049–CV.

Court of Appeals of Texas, Fort Worth.

March 15, 1994.

Rehearing Overruled April 12, 1994.

Weldon Cherry, pro se.

William K. Altman, pro se.

Before FARRIS, LATTIMORE and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Weldon Cherry, appeals from the trial court's summary judgment on appellant's bill of review concerning a case previously dismissed as groundless and appealed to this court.

We affirm.

In the original cause of action, the trial court dismissed with prejudice appellant's case as groundless, brought in bad faith and for the purpose of harassment. *See* Tex. R.Civ.P. 13, 215–2b. Appellant appealed to this court and we affirmed and sanctioned appellant for bringing the appeal for the purpose of delay and without sufficient cause. *Cherry v. Altman,* No. 2–90–184–CV (Tex. App.—Fort Worth May 1, 1991, writ denied) (not designated for publication); Tex. R.Civ.P. 13; Tex.R.App.P. 84. Appellant then filed a petition for an equitable bill of review and injunction against execution in the district court seeking to set aside the opinion of this court. The petition articulated numerous perceived errors made by the trial court and complained of this court's lack of concern regarding whether or not a cause of action existed. The petition did not present a meritorious defense, and appellant alleged but provided no proof of extrinsic fraud.

The trial court granted summary judgment finding no genuine issue as to any material fact existed. In the hearing on the motion for new trial to set aside the summary judgment, appellant attempted, through the testimony of the first trial judge, to show mutual mistake regarding the joinder of a supposed indispensable party. In addition, appellant alleged, but produced no evidence of, extrinsic fraud. Appellant's motion for new trial was denied, and appellant perfected his second appeal to this court.

Appellant misconstrues the purpose of an equitable bill of review. While a bill of review is an equitable proceeding brought by a party to a prior action seeking to set aside a trial court's judgment which is no longer appealable or subject to motion for new trial, it does not provide an opportunity to relitigate a judgment on the merits by collateral attack. *Baker v. Goldsmith,* 582 S.W.2d 404, 406–07 (Tex.1979); *Coble Wall Trust Co., Inc. v. Palmer,* 859 S.W.2d 475, 480 (Tex. App.—San Antonio 1993, writ denied). A bill of review is not a proper attack on an appellate court's judgment and cannot be used as a substitute for writ of error to the Supreme Court. Tex.R.App.P. 130. *Cf. Clements v. Chajkowski,* 146 Tex. 408, 208 S.W.2d 841, 843 (1948) (bill of review cannot be used when an adequate legal remedy is available). A fundamental tenet of our jurisprudence holds that res judicata bars relitigation of issues previously settled by final judgment. Appellant has cited no authority to support his method of collateral attack on this court's judgment, and we have found none.

Further, to maintain an equitable bill of review, the petitioner must allege and prove: 1) a meritorious defense to the cause of action alleged to support the judgment; 2) which he was prevented from making by the fraud, accident or wrongful conduct of the other party; 3) unmixed with any fault or negligence of his own. *Lee v. Johnson,* 858 S.W.2d 58, 60 (Tex.App.—Houston [14th Dist.] 1993, no writ). To establish the second element, the petitioning party must prove extrinsic fraud. *Id.* Extrinsic fraud is a wrongful act committed by an opposing party that prevents the losing party from knowing about his rights or defenses, or from having a fair opportunity to present them at trial. *Id.*

Appellant has alleged extrinsic fraud, arising out of appellee's failure to produce a letter from the Industrial Accident Board, but has not produced any evidence to prove the allegation. Even if the letter provided proof of fraud, we conclude it would be intrinsic in nature and not the proper subject

of a bill of review. We overrule appellant's point of error and affirm the trial court's judgment.

 Appellee again urges sanctions for bringing this appeal for the purpose of delay and without sufficient cause. *See* TEX. R.APP.P. 84. A review of the record, from appellant's point of view at the time the appeal was taken, reveals, however, appellant genuinely believed he had been unfairly denied an opportunity to fully litigate his complaint. *See Tindle v. Jackson Nat. Life Ins. Co.*, 837 S.W.2d 795, 801 (Tex.App.—Dallas 1992, no writ). While the litigation was misguided, we do not conclude it was pursued purely for the purpose of delay. We assess costs against appellant but decline to award sanctions.

The judgment of the trial court is affirmed.