TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00418-CV







Wendell Watson, Appellant



v.



Allstate Indemnity Company, American General Fire & Casualty Company 


aka Maryland Casualty Company, Covey & Moorehead Adjusters Incorporated,


Preston Harvey Construction, State Farm Insurance Company, United States


Fidelity & Guaranty Company, E. & W. Enterprises, J. B. Phillips


Construction, and Key Service Group, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 494,180, HONORABLE JOSEPH H. HART, JUDGE PRESIDING








PER CURIAM


 Appellant Wendell Watson appeals from an order of the district court of Travis
County dismissing his petition for equitable bill of review. In conjunction with the petition,
Watson filed an affidavit of inability to pay the costs of suit. Tex. R. Civ. P. 145. Appellees
filed their motions to dismiss on the basis that the allegations in Watson's affidavit were false, that
the suit was frivolous or malicious and that Watson did not assert a meritorious defense to the
underlying order of dismissal. The trial court granted the motion and dismissed the cause. We
will affirm the trial court judgment.

 In 1987, Watson sued numerous insurance companies, including appellees, (1) for
violations of the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code Ann.
§ 15.05(a) (West 1987) (the "antitrust suit"), and filed an affidavit of inability to pay the costs of
the suit pursuant to Texas Rule of Civil Procedure 145. On the motions of several defendants,
the trial court ordered Watson to post security for costs in the amount of $2500. See Tex. R. Civ.
P. 143, 145(1). When Watson did not, the trial court dismissed the suit. Tex. R. Civ. P. 143. 
This Court dismissed both the petition for writ of error and appeal from that order. Watson v.
American Gen. Fire & Casualty Co., No. 3-88-174-CV (Tex. App.--Austin Sept. 14, 1988, writ
denied), cert. denied, 493 U.S. 864 (1989) (not designated for publication); Watson v. American
Gen. Fire & Casualty Co., No. 3-88-082-CV (Tex. App.--Austin May 25, 1988, no writ) (not
designated for publication).

 Watson then filed his equitable petition for bill of review seeking to set aside the
trial court's order of dismissal. Watson again filed an affidavit of inability to pay costs pursuant
to Rule 145. Allstate Indemnity Company and Allstate Insurance Company (2) sought dismissal of
the bill of review on the bases that Watson's allegation of poverty was false and that the action
was frivolous or malicious. The trial court dismissed the petition for bill of review on the motion. 
This order underlies the appeal now before this Court.

 In his first point of error, Watson contends that the trial court abused its discretion
in dismissing the petition on the basis that his action was frivolous or malicious. A trial court may
dismiss an action in which a plaintiff has filed an affidavit of inability to pay costs if the court
finds that the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2)
(West Supp. 1995); (3) Johnson v. Peterson, 799 S.W.2d 345, 346 (Tex. App.--Houston [14th Dist.]
1990, no writ). In determining whether the action is frivolous or malicious, the court determines
whether the claim has an arguable basis in law or fact. Tex. Civ. Prac. & Rem. Code Ann. §
13.001(b)(2) (West Supp. 1995); Johnson v. Lynaugh, 800 S.W.2d 936, 938 (Tex. App.--Houston
[14th Dist.] 1990, writ denied).

 Watson suggests that the courts should apply section 13.001 only to suits filed by
prisoners. However, the statute applies to any action in which a party has filed an affidavit of
inability to pay costs pursuant to Rule 145. The rule applies to any party who is unable to afford
costs, "defined as a person who is presently receiving a governmental entitlement based on
indigency or any other person who has no ability to pay costs." Tex. R. Civ. P. 145.

 The rule allows access to the courts without payment of costs. Spellmon v.
Sweeney, 819 S.W.2d 206, 208 (Tex. App.--Waco 1991, no writ). In enacting section 13.001, the
legislature determined that a party does not have an absolute right to such access in a civil
proceeding. Rather, access without payment of costs is a privilege extended to those who file
actions that are not frivolous or malicious. Id., at 208-09. Accordingly, section 13.001 prevents
indigent litigants who have no financial incentive to refrain from filing suit from filing an abusive
lawsuit. Birdo v. Schwartzer, 883 S.W.2d 386, 387 (Tex. App.--Waco 1994, no writ); see Neitzke
v. Williams, 490 U.S. 319, 327 (1989) (purpose of federal counterpart, 28 U.S.C. § 1918(d), is
to discourage filing of, and waste of judicial and private resources upon, baseless lawsuits that
paying litigant generally does not begin because of expense and threat of sanctions). The state's
interest in conserving judicial resources by disposition of meritless claims early in a proceeding
outweighs the indigent litigant's right to expend the state's resources. Spellmon, 819 S.W.2d at
210.

 We review the trial court's decision pursuant to section 13.001 for abuse of
discretion. Dillon v. Ousley, 890 S.W.2d 500, 501 (Tex. App.--Corpus Christi 1994, no writ). 
In determining whether the trial court abused its discretion, we determine whether the trial court
acted without reference to any guiding principles or whether the action was arbitrary or
unreasonable. Metropolitan Life Ins. Co. v. Syntek Fin. Co., 881 S.W.2d 319, 321 (Tex. 1994);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986). That this Court might decide a matter differently does not show that the trial
court abused its discretion. Southwestern Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex.
1965).

 The trial court dismissed Watson's bill of review proceeding brought to set aside
the prior order of dismissal. See Tex. R. Civ. P. 329b(f); Baker v. Goldsmith, 582 S.W.2d 404,
406 (Tex. 1979); Cherry v. Altman, 872 S.W.2d 46, 47 (Tex. App.--Fort Worth 1994, writ
denied). In a bill of review proceeding, the trial court may award relief only for sufficient cause. 
Tex. R. Civ. P. 329b(f); French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967). To succeed upon
his bill of review, Watson had to allege and prove: (1) a meritorious defense to the claim alleged
to support the judgment, that is, the dismissal of the antitrust suit, (2) which he was prevented
from making by fraud, accident or wrongful act of appellees, (3) unmixed with any fault or
negligence of his own. Baker, 582 S.W.2d at 406-07; Cherry, 872 S.W.2d at 47.

 Accordingly, Watson asserted that he was unable to comply with the order to post
security of $2500 and was unable to present this defense because of appellees' actions. He
specifically alleged that he did not receive sufficient notice of the filing of appellees' joint motion
to render an order of dismissal or of the signing of the order. After sustaining contests to
Watson's affidavit of inability, the trial court ordered Watson to post security by November 12,
1987, twenty days after ordered to do so. See Tex. R. Civ. P. 143, 145(1). When Watson did
not, the defendants filed a motion to render a judgment of dismissal on January 19, 1988, and
asked that the trial court hear the motion with the contests to Watson's affidavit of inability to pay
the costs of appeal on January 22. The trial court signed the order dismissing the cause, pursuant
to Rule 143, on January 22.

 The trial court may have dismissed the suit any time after November 12 because
Watson had not posted security for costs as ordered. Tex. R. Civ. P. 143; Clanton v. Clark, 639
S.W.2d 929, 931 (Tex. 1982). Although Watson was not present at the hearing on January 22, (4)
he was on notice that the suit was subject to dismissal. Furthermore, the trial court had already
sustained the contests to Watson's Rule 145 affidavit and determined that he could pay trial court
costs.

 The fact that an injustice may have occurred is not sufficient cause to justify relief
by petition for bill of review. Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950); Hesser
v. Hesser, 842 S.w.2d 759, 765 (Tex. App.--Houston [1st Dist.] 1992, writ denied). Relief by
equitable bill of review is available only if a party has exercised due diligence to pursue all
adequate legal remedies against a previous judgment and, through no fault of his own, no adequate
legal remedy was available. Freeman v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989);
Hesser, 842 S.W.2d at 765. Construing Watson's petition for bill of review liberally, we cannot
conclude that he set forth an arguable basis for relief by bill of review. Accordingly, we cannot
say that the trial court abused its discretion in dismissing the suit pursuant to section 13.001 of
the Civil Practice and Remedies Code and overrule Watson's first point of error.

 Because dismissal pursuant to section 13.001 supports the trial court judgment, we
need not address points of error two through four.

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: April 26, 1995

Do Not Publish

1. [1]  Appellees are American General Fire & Casualty aka Maryland Casualty Company, Covey
& Moorehead Adjusters Incorporated, Preston Harvey Construction, Allstate Indemnity Company,
State Farm Insurance Company, United States Fidelity & Guaranty Company, E. & W.
Enterprises, J. B. Phillips Construction and Key Service Group.
2. [2]  Defendants Fire Insurance Exchange and Texas Farmers Insurance also filed a motion to
dismiss pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 13.001 and a supplemental motion to
dismiss that urged, alternatively, that the bill of review be dismissed because Watson did not
allege a meritorious defense. The supplemental motion also sought dismissal as to all parties on
the grounds asserted. The statement of facts from the November 25, 1991, hearing suggests that
these motions were the subject of the hearing. In May 1992, Watson and Fire Insurance
Exchange and Texas Farmers Insurance filed an agreed motion to dismiss because they had settled
their claims. The order of dismissal, signed April 9, 1993, refers only to the defendants' motions
to dismiss. On appeal, the parties refer only to the motion that Allstate Indemnity and Allstate
Insurance filed.
3. [3]  Section 13.001 provides:


(a) A court in which an affidavit of inability to pay under Rule 145 . . . has been
filed may dismiss the action on a finding that:


 (1) the allegation of poverty in the affidavit is false; or


 (2) the action is frivolous or malicious.


(b) In determining whether an action is frivolous or malicious, the court may
consider whether:


 (1) the action's realistic chance of ultimate success is slight;


 (2) the claim has no arguable basis in law or in fact; or


 (3) it is clear that the party cannot prove a set of facts in support of the
claim. . . .


Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a), (b) (West Supp. 1995). Dismissal of a claim
under section 13.001(b)(3) is not appropriate. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.
1990); Spellmon v. Sweeney, 819 S.W.2d 206, 208 (Tex. App.--Waco 1991, no writ); see Neitzke
v. Williams, 490 U.S. 319 (1989) (in forma pauperis suit is not automatically frivolous because
it fails to state a claim).
4. [4]  Watson assumed that the trial court had continued the hearing on the motion to dismiss. 
However, the record suggests that the trial court continued only the hearing on the contests to his
affidavit of inability to pay the costs of appeal.