CV4-374 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00374-CV







The Persimmon Hollow Company, Appellant



v.



City of Austin, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 400,537, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







PER CURIAM



 The Persimmon Hollow Company appeals from the trial court's order dismissing
its cause for want of prosecution. Appellant brings three points of error, contending that the trial
court erred in dismissing the cause for want of prosecution because: (1) appellant had requested
a trial setting; (2) appellant had prosecuted the cause with due diligence; and (3) appellant's cause
had not been filed an undue length of time. We will affirm the trial court's order.



Background and Chronology of Events


 In July 1986, appellant sued the City over events which occurred during 1984 and
1985. Appellant had built several duplexes located in the Williamson Creek wastewater-
treatment-plant service area. This suit arose out of events caused by litigation between the State
of Texas and the City that resulted in the "Williamson Creek Wastewater Moratorium." 
Appellant, whose duplexes did not receive the services that it considered had been promised, sued
the City for breach of contract and breach of warranty.

 A chronology of procedural events in the cause follows:



1986: Suit filed (7/11/86)


1987: Plaintiff's First Request for Production (12/23/87)


1988: Plaintiff's Second, Third, Fourth Requests for Production (6/3, 7/01/,
10/12); Plaintiff's First Amended Original Petition (8/22)


1989: Plaintiff's Attorney's Motion to Withdraw (7/17)


1990: No Activity


1991: Plaintiff's Attorney's Supplemental Motion to Withdraw; Granted
(4/25, 4/29)


1992: No Action


1993: Plaintiff's Pro Se Motion for Referral to Alternate Dispute Resolution
Hearing (1/15); Plaintiff failed to appear at hearing set 4/1/93;
Defendant's Motion for Summary Judgment and Amended Motion
(3/30, 4/2); Plaintiff's Pro Se Motion for Summary Judgment (5/5);
motions denied; Designation of Plaintiff's Counsel (12/10); Notice of
Setting (12/12)


1994: No action until motion to dismiss filed (3/18/94)



 Appellant obtained new counsel in this cause in early December 1993, after almost
five years of very little activity. Counsel set the cause for trial and gave notice of the setting. 
The suit had been on file for almost seven and one-half years with little activity before the setting
request.



Standard of Review


 A statement of facts from the hearing on the motion to dismiss is not part of the
record in this cause. Absent any record of what evidence the trial court considered, we presume
the trial court passed on all facts necessary to support its order. See Frenzel v. Browning-Ferris
Indus., 780 S.W.2d 844, 846 (Tex. App.--Houston [14th Dist.] 1989, no writ).

 A decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse
of discretion. State v. Rotello, 671 S.W.2d 507, 508-9 (Tex. 1984). A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference
to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may
not reverse for abuse of discretion merely because we might disagree with the trial court's
decision. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 When deciding whether to dismiss a case the court may consider the amount of
activity in the case, the length of time the case was on file, requests for a trial date, and the
existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.--Houston [14th Dist.] 1993, no writ).




Appellant's Contentions


 Appellant's first complaint is a bit difficult to understand. It appears to complain
that the court's order of dismissal after appellant had secured a trial setting operates as an
improper dismissal with prejudice, even though the order did not so state. We find no authority
for that proposition. The existence of a trial setting is simply one factor that the trial court could
consider in its determination whether to dismiss the cause. See Bilnoski, 858 S.W.2d 58. We
overrule point of error number one.

 In point two, appellant complains that it exercised due diligence in its prosecution
of the cause. It complains that the City used obstructionistic discovery tactics that caused part of
the delay. We have no record, however, of any motions to compel, hearings on sanctions, or any
other matter which would support this assertion. The trial court could consider the entire history
of the cause, including the City's concern that many of the employees who would be needed as
witnesses had left City employment due to the lapse of time between the events in question and
any possible trial. The entire history of the cause, as set out in the chronology of events, does
not demonstrate an abuse of discretion in dismissing the cause. We overrule point of error two.

 In point of error three, appellant contends that the court abused its discretion in
dismissing the cause based on the length of time the cause had been on file. We have no record
to show that the court dismissed the cause based on only one factor. It is not an abuse of
discretion to consider the length of time a case has been on file as a factor. This cause had been
on file for an amount of time greatly in excess of the eighteen-month period set out in the Supreme
Court administrative rules. Tex. R. Jud. Admin. 6(b)(1); Bilnoski, 858 S.W.2d at 58. We
overrule point of error three.

 We affirm the trial court's order.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish