*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION ON REHEARING

No. 04-09-00477-CV

Maria R. **SANCHEZ**,
Appellant

v.

Mario A. **SANCHEZ**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-09251
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed: August 18, 2010

AFFIRMED

Appellant, Maria Sanchez, has filed a motion for rehearing, which we deny. However, we withdraw our opinion and judgment of June 2, 2010, and substitute this opinion and judgment in their stead so that we may more fully address *Morrison v. Rathmell*, 650 S.W.2d 145 (Tex. App.—Tyler 1983, writ dism'd), which Maria relies upon as her "main case."

## BACKGROUND

Maria and Mario Sanchez formed several music companies during the course of their marriage, including Planeta Latino Music Publishing ("Planeta Latino") and Albersan Music Publishing ("Albersan"). In May 2002, Maria filed an original petition for divorce on the ground that her marriage to Mario had become insupportable. Maria was represented by counsel during the underlying divorce proceeding and employed a business appraiser to assist her with the divorce.

The trial court signed a final decree of divorce in September 2006. Maria was awarded ownership of Planeta Latino pursuant to the terms of the divorce decree, while Mario was awarded ownership of Albersan. After the divorce became final, however, Maria discovered Mario had fraudulently transferred valuable song catalogues from Planeta Latino to Albersan on November 6, 2003.[1] Maria claims Mario's fraud had an adverse impact on the value of Planeta Latino, and that she would not have entered into the divorce agreement had Mario disclosed this fact. Thus, on June 20, 2007, Maria initiated the instant bill of review proceeding, seeking to set aside the final divorce decree because of her ex-husband's fraud.

The trial court held a hearing on Maria's petition for bill of review on November 28, 2007. The court determined Maria's petition for bill of review concerned a matter of intrinsic fraud and denied her petition. Maria appeals, claiming the trial court abused its discretion by denying her petition for bill of review.

---

[1] Mario forged Maria's signature to an instrument authorizing the transfer of assets from Planeta Latino to Albersan.

## STANDARD OF REVIEW

We review the grant or denial of a bill of review under an abuse of discretion standard. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). When reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling. *Narvaez v. Maldonado*, 127 S.W.3d 313, 319 (Tex. App.—Austin 2004, no pet.). We will not disturb the trial court's ruling unless the court acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

## DISCUSSION

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). "Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). "The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). "Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Herrera*, 11 S.W.3d at 927.

"Fraud in relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will support a bill of review." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex.

2003). The Texas Supreme Court has stated, "[e]xtrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id.* Extrinsic fraud includes "wrongful conduct practiced outside of the adversary trial — such as keeping a party away from court or making false promises of compromise — that affects the manner in which the judgment is procured." *Rhamey v. Fielder*, 203 S.W.3d 24, 29 (Tex. App.—San Antonio 2006, no pet.). "Extrinsic fraud is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312-13 (Tex. 1984).

By contrast, intrinsic fraud "relates to the merits of the issues that were presented and presumably were or should have been settled in the former action." *King Ranch*, 118 S.W.3d at 752. Intrinsic fraud includes such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. *Id.* "Such fraud will not support a bill of review, because each party must guard against adverse findings on issues directly presented." *Id.* Issues underlying the judgment attacked by a bill of review are intrinsic, and thus have no probative value on the fraud necessary to a bill of review. *Id.*

Maria contends Mario's fraud concealed the true value of Planeta Latino and prevented her from asserting her right to a proportionate share of their assets. It is well settled, however, that the "misrepresentation of the value of known community assets, without more, does not constitute extrinsic fraud." *Lee v. Johnson*, 858 S.W.2d 58, 60 (Tex. App.—Houston [14th Dist.] 1993, no writ). Maria, aided by her lawyer and appraiser, should have known about the financial conditions of Planeta Latino and Albersan because she was afforded the opportunity to conduct an independent

investigation of the assets and their values prior to the entry of the final divorce decree.[2] Every relevant piece of information regarding the true value of the businesses was available to Maria during the original divorce proceeding through normal discovery procedures. *See Kennell v. Kennell*, 743 S.W.2d 299, 301 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding divorced wife's summary judgment evidence on bill of review concerning her former husband's misrepresentations did not show extrinsic fraud because information regarding true value of company was available during original divorce proceeding through normal discovery procedures).

Maria urges this court to reverse the trial court's judgment in light of the *Morrison* decision. *See Morrison*, 650 S.W.2d at 151. In *Morrison*, the Tyler court of appeals reversed a summary judgment granted in favor of husband in his former wife's bill of review action concerning the division of their marital property. *Id.* at 151. Wife alleged her former husband had grossly undervalued his two businesses during their property settlement negotiations and forced her into the agreement by threatening to abandon the businesses and render them worthless if she persisted in her attempts to have the businesses appraised. *Id.* at 146-47. In addition, husband purportedly concealed from his wife that he was in the process of discussing or negotiating a merger of his businesses with another company. *Id.* at 150. The court of appeals concluded: "Based on our analysis of the law and the summary judgment evidence, we conclude that a genuine issue as to material fact was raised, to-wit: that [wife] was induced to agree to the property settlement agreement by false representations made by [husband], by coercion on his part, and by his concealment of material facts which prevented her from fully presenting her case in the divorce

---

[2] The record shows Maria had adequate reason to inquire into the financial conditions of the businesses when she stopped receiving royalty checks for songs under Planeta Latino in 2003. Maria suspected Mario was receiving the royalties from the songs under Planeta Latino, but never approached him about the matter.

action, thereby precluding the entry of summary judgment." *Id.* The court therefore reversed the judgment rendered against wife on her petition for bill of review and remanded the cause to the trial court for trial on the merits of her petition. *Id.*

*Morrison*, however, is factually distinguishable from the case at bar. In our case, Maria was afforded the opportunity to conduct an independent investigation of the couples' assets and their values prior to the entry of the final divorce decree. Absent from the record is any evidence that Mario coerced Maria to enter into their divorce agreement. Unlike *Morrison*, Maria was not prevented from fully exercising all her rights to determine and receive what she considered a fair value for her interest by an adverse party. Because Mario's fraud was intrinsic in nature and not the proper subject for a bill of review, we cannot say the trial court abused its discretion by denying Maria's petition for bill of review. Maria's sole issue on appeal is overruled.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice