**Vernon D. SUTHERLAND and Barbara Ann Sutherland, Appellants,**

v.

**Hazel Joyce SUTHERLAND, Appellee.**

No. 8507.

Court of Civil Appeals of Texas, Texarkana.

Jan. 10, 1978.

Rehearing Denied Jan. 31, 1978.

Charles H. Robertson, Johannes, Robertson & Wilkinson, Dallas, for appellants.

W. Lawrence Evans, Sherman, for appellee.

RAY, Justice.

This is a suit brought under the Texas Uniform Declaratory Judgment Act seeking to vacate, annul, or hold void a portion of a divorce decree. Vernon D. Sutherland, appellant (plaintiff), brought suit against appellee (defendant), Hazel Joyce Sutherland, appellant's former wife, alleging that the trial court did not have power to treat future Fleet Reserve Retainer pay as property subject to partition under the previously entered divorce decree. Appellant requested the court to set aside or enjoin enforcement of those portions of the divorce decree which had awarded appellee one-half of the retainer pay and which had further ordered and directed appellant to pay to appellee one-half of all sums of retainer pay received by him after August 31, 1971. Appellant's present wife, Barbara Ann Sutherland, appellant (intervenor), filed a petition in intervention seeking to set aside or enjoin enforcement of the same sections of the judgment, but only as to retainer payments and sums received by her husband after January 20, 1972, the date of her marriage to Mr. Sutherland.

Trial was had without a jury and judgment was entered in favor of appellee, Hazel Joyce Sutherland. Appellant, Vernon D. Sutherland, has perfected his appeal and submits seventeen points of error for our consideration. His wife, Barbara Ann Sutherland, has perfected her appeal and submits nineteen points of error for our consideration.

When this case was originally tried in the District Court of Fannin County, Mr. Sutherland gave notice of appeal, but did not perfect his appeal from the divorce decree and the judgment awarding appellee one-half of all Fleet Reserve payments became final. When Mr. Sutherland failed to deposit one-half of the retainer payments into the registry of the court as ordered, the trial court held him in contempt. He then attempted to collaterally attack the judgment in this Court and in the Texas Supreme Court by writ of habeas corpus. *Ex Parte Sutherland*, 515 S.W.2d 137 (Tex.Civ. App. Texarkana 1974, writ dism'd); *Ex Parte Sutherland*, 526 S.W.2d 536 (Tex. 1975).

Mr. Sutherland contended in the habeas corpus proceeding that the order in the divorce decree commanding him to pay the retainer payments was not enforceable by contempt proceedings because (1) the payments were not community property but were his earnings and therefore his separate property; (2) the divorce decree was, in effect, one for alimony which was void because it was beyond the power of the court and against the public policy of this state; and, (3) the order was merely a judgment for debt which could not be enforced by contempt.

There was no question concerning the jurisdiction in the original proceeding over the person of Mr. Sutherland since he participated in that action. His contention is that the trial court did not have jurisdiction of the subject matter, that is, the Fleet Reserve Retainer payments. This Court stated in *Ex Parte Sutherland*, supra,

"In divorce actions the district court has the power, and indeed the duty to determine the spouses' community property in existence at that time, and to decree a fair and equitable division of such property between the spouses. 20 T.J.2d Div. Sec. 206; Vernon's Anno.Tex.Statute, Family Code, Sec. 3.63, V.T.C.A. As the court clearly had jurisdiction to determine whether relator's entitlement to the retainer pay was a vested community asset, its adjudication of that issue was not void."

This Court concluded that in a habeas corpus proceeding, the vested nature of Mr. Sutherland's retainer pay as a community asset was not open to question because the

trial court's divorce decree had become final, and even if erroneous, it could not be collaterally attacked in a habeas corpus proceeding. We held that it was not sufficient to show that the order was erroneous. The Supreme Court in *Ex Parte Sutherland*, supra, held that the original divorce decree was not subject to collateral attack under the circumstances of this case.

 Mr. Sutherland's relief from the alleged erroneous decision of the trial court in the divorce proceedings was by appeal which he elected not to pursue. Writ of error to the Court of Civil Appeals was not available to him since he had participated in the trial of the case. Article 2255, Tex.Rev. Civ.Stat.Ann.; Rules 359, et seq., Tex.R. Civ.P.

Under the circumstances of this case, the only avenue left open to Mr. Sutherland to set aside that portion of the divorce decree which he alleges was void, was by bill of review, that is, a direct attack upon the validity of the judgment. Rule 329b(5), Tex.R.Civ.P., provides in pertinent part,

" . . . After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. . . ."

The "time allowed by law" would ordinarily be determined by Article 5529, Tex. Rev.Civ.Stat.Ann., which is the four-year statute of limitations. It has been held that Article 5529, supra, is applicable to an equitable bill of review to set aside a divorce decree. *Raney v. Mack*, 504 S.W.2d 527 (Tex.Civ.App. Texarkana 1973, no writ); *Ragsdale v. Ragsdale*, 520 S.W.2d 839 (Tex. Civ.App. Fort Worth 1975, no writ). The present case was filed on September 1, 1976, a period of more than four years after the divorce decree was entered on August 31, 1971.

Under the facts of the present case, a proceeding in the nature of a bill of review was the exclusive method of vacating the divorce decree. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Deen v. Kirk*, 508 S.W.2d 70 (Tex.1974). Mr. Sutherland's suit for declaratory judgment is not a remedy available to him to set aside a final judgment.

If we construe Mr. Sutherland's suit to vacate the judgment as being a bill of review, it comes too late because it is barred by the four-year statute of limitations. Further, there is no allegation and no proof that he was prevented from making his defense in the divorce proceedings by fraud, accident or wrongful act of appellee. Thus, one of the requirements for a bill of review has not been satisfied. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950); *Raney v. Mack*, supra.

We have reviewed all of Vernon D. Sutherland's points of error and find them to be without merit and they are therefore overruled.

We have examined the points of error submitted by appellant, Barbara Ann Sutherland, and find them also to be without merit and they are thus overruled. 34 Tex. Jur.2d, Judgments, Secs. 401, 402 and 409.

The judgment of the trial court is affirmed.