# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00430-CV

**David Wilbourne and Barbara Wilbourne, Appellants**

**v.**

**HFE Development Corporation, Don F. Holley, and Barbara Holley, Appellees**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. 15,490, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal grew out of a judgment that appellants David Wilbourne and Barbara Wilbourne obtained against Don F. Holley, Barbara Holley, and HFE Development Corporation ("HFE") in 2003. The 2003 judgment awarded the Wilbournes $136,018.60 in actual damages, plus pre- and post-judgment interest, $127,084.91 in attorney's fees, and an additional $10,000 in attorney's fees in the event of an appeal. The Holleys and HFE unsuccessfully appealed the 2003 judgment to this Court, posting a supersedeas bond in the amount of $100,000. After the 2003 judgment became final, the Holleys filed for bankruptcy. Thereafter, the Holleys and HFE initiated this declaratory-judgment suit in Llano County district court for a judicial determination of their remaining liability to the Wilbournes in light of the bankruptcy proceedings and the payment from the supersedeas bond. The trial court declared that the total amount of liability remaining is $52,923.52, plus post-judgment interest at the rate of 10% per annum. The trial court further ordered

that the Wilbournes could recover only from Don Holley, having determined that the judgment against Barbara Holley and HFE was discharged in bankruptcy.

On appeal, the Wilbournes argue that the trial court erred in (1) denying their plea to the jurisdiction because the Holleys and HFE's suit for declaratory judgment was an impermissible collateral attack on the 2003 judgment; (2) calculating the amount owed by Don Holley; and (3) finding that the portion of the 2003 judgment attributable to HFE was discharged in bankruptcy because HFE never filed for bankruptcy. We will reverse and dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

The Wilbournes filed suit against the Holleys and HFE in 2000, asserting claims for breach of contract and common-law fraud.[1] The jury returned a verdict favorable to the Wilbournes and the trial court rendered judgment on the verdict. The multi-part judgment provided that the Wilbournes should recover:

(1) from HFE:

$136,018.60 in damages (including $41,018.60 for overcharges for labor and materials and for the non-legal professional fees incurred in discovering and determining the amounts of these overcharges and $87,500 for failure to perform the work in a good and workmanlike fashion); $127,084.91 in attorney's fees; and an additional $10,000 in attorney's fees in the event of appeal to this Court;

---

[1] For a detailed discussion of the facts in the prior litigation, *see HFE Dev. Corp. v. Wilbourne*, No. 03-03-00322-CV, 2004 Tex. App. LEXIS 4714 (Tex. App.—Austin May 27, 2004, no pet.) (mem. op.).

(2) from Don Holley and Barbara Holley, jointly and severally:

> $41,018.60 in damages for overcharges for labor and materials and for the non-legal professional fees incurred in discovering and determining the amounts of these overcharges; and

(3) from Don Holley, individually:

> $136,018.60 in damages (including $41,018.60 for overcharges for labor and materials and for the non-legal professional fees incurred in discovering and determining the amounts of these overcharges and $87,500 for failure to perform the work in a good and workmanlike fashion), plus court costs.

Finally, the judgment provided that the Wilbournes were not entitled to double recovery and limited their recovery as follows:

> [The Wilbournes] may recover [a] total of only $ 41,018.60, plus [interest] set forth hereinabove, from: (1) [HFE]; and/or (2) Don Holley and Barbara Holley, jointly and severally; and/or (3) Don Holley, for those damages that the jury found [the Wilbournes] to have suffered because of the overcharges for labor and materials and for the non-legal professional fees incurred in discovering and determining the amounts of these overcharges, for which the jury found: (1) [HFE] liable under a breach of contract theory; (2) [Don] and Barbara Holley jointly and severally liable under a fraud theory; and (3) Don Holley individually liable under a fraudulent misrepresentation theory; and

> [The Wilbournes] may recover a total of only $ 87,500.00, plus [interest] set forth hereinabove, from [HFE] and/or Don Holley, for those damages that the jury found [the Wilbournes] to have suffered because of the failure to perform the work in a good and workmanlike fashion and the consequential damages attributable to the failure to complete the work in a timely fashion, which the jury found [HFE] liable under a breach of contract theory and Don Holley liable under a fraudulent misrepresentation theory.

The Holleys and HFE appealed, posting a superseadeas bond in the amount of $100,000. This Court affirmed the judgment. *See HFE Dev. Corp. v. Wilbourne*,

3

No. 03-03-00322-CV, 2004 Tex. App. LEXIS 4714, at *22-23 (Tex. App.—Austin May 27, 2004, no pet.) (mem. op.).

After the 2003 judgment became final, Don and Barbara Holley filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas. The bankruptcy court granted them a discharge on January 18, 2006. Later that year, the Wilbournes filed a Complaint to Determine Dischargeability of Debt in reference to the 2003 judgment that they obtained against the Holleys and HFE. The bankruptcy court determined that the portion of the judgment against Don Holley for fraud—*i.e.*, $41,018.60 plus pre- and post-judgment interest—was non-dischargeable and that the discharge previously granted did not apply to that portion of the judgment. The bankruptcy court further found that the remaining portions of the judgment against Don and Barbara Holley were subject to the January 2006 discharge order and had been properly discharged.

Thereafter, the Holleys and HFE filed an original petition for declaratory judgment in district court for the "construction of" the 2003 judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008). Specifically, they sought a declaration that the 2003 judgment is "unenforceable, discharged and satisfied." They alleged in their petition that the $100,000 supersedeas bond was delivered to the Wilbournes after the 2003 judgment became final and that any remaining liability had been discharged in the bankruptcy proceedings. In the alternative, they requested that the court determine the amount of their remaining liability. The Wilbournes answered

and filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction "to vary or interpret the previously rendered judgment." After a hearing, the trial court denied their plea to the jurisdiction.

The trial court held a bench trial on the Holleys and HFE's petition, at which Don Holley testified that the Wilbournes collected $100,000 from them in 2003, and that he, his wife, and his company subsequently filed for bankruptcy relief.[2] The main issue in dispute was whether the $100,000 superseadeas bond could be applied to Don Holley's undischarged debt that was identified in the bankruptcy court order—*i.e.*, the $41,018.60, plus pre- and post-judgment interest. The Holleys argued that the funds should be applied to that debt, thereby extinguishing the 2003 judgment in its entirety. The Wilbournes responded that the $100,000 had already been applied to the judgment before the bankruptcy application was even filed, and that the bankruptcy court found that Don Holley was still liable for $41,018.60 over and above the amount of the supersedeas bond that was posted. At the conclusion of the hearing, the court found that the "part of the debt that previously was paid through that supersedeas bond apparently had no bearing on this matter, so the Court will recognize that bankruptcy judgment in that amount of money, the $41,000, plus the interest that's authorized." The trial court also indicated that it would award the Wilbournes attorney's fees.

These findings were memorialized in the trial court's final order, dated March 12, 2008. The order stated that "the total amount of liability remaining by Plaintiffs [the

---

[2] We note, however, that Plaintiff's Exhibit 5, a copy of the bankruptcy court's discharge order, identifies only Don Fred Holley and Barbara Leah Holley as the debtors.

Holleys and HFE] to Defendants [the Wilbournes] is the sum of $52,923.52, as of February 14, 2008, plus post judgment interest at the rate of 10% per annum from February 14, 2008, until fully paid." The order further declared that "the liability on the foregoing amount is upon Don Holley solely[,] and the other Plaintiffs, HFE Development Corporation and Barbara Holley have no liability on the judgment rendered against them in Cause No. 12,288, in the 33rd Judicial District Court of Llano County, Texas, on January 15, 2003 as discharged in the United States Bankruptcy Court." The trial court also awarded the Wilbournes attorney's fees in the amount of $3,500.

On May 1, 2008, the Holleys and HFE filed an application for further relief, *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.011, in which they argued that the Wilbournes "refused to accept the ordered judgment amount," despite Don Holley's attempts to tender "the balance owed on the judgment." By order dated June 9, 2008, the trial court directed the Wilbournes to accept payment on the judgment for the amount previously determined in its March 12 order and to execute a release of judgment. The Wilbournes now appeal from the March 12 order, arguing that the trial court should have granted their plea to the jurisdiction because the Holleys and HFE's declaratory-judgment action was an impermissible collateral attack on the 2003 judgment. They assert in the alternative that the evidence is legally and factually insufficient to support the trial court's judgment.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively

6

demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When, as here, a plea to the jurisdiction challenges only the pleadings, we determine if the pleader has met his burden of alleging facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.*; *see Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A trial court must grant a plea to the jurisdiction when the pleadings fail to state a cause of action over which the trial court has jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2003). If, however, the pleadings—construed liberally in the plaintiffs' favor—neither contain sufficient facts to affirmatively demonstrate the existence of jurisdiction nor affirmatively demonstrate incurable defects in jurisdiction, then the plaintiffs should receive an opportunity to amend their pleadings. *See Miranda*, 133 S.W.3d at 226-27.

## DISCUSSION

In their first issue, the Wilbournes argue that the trial court lacked subject-matter jurisdiction over this declaratory-judgment action because it represents an impermissible collateral attack on the 2003 judgment. "Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Id.* at 346. Only a void judgment may be collaterally attacked. *Id.*

7

The Holleys and HFE labeled their pleading as a petition for declaratory judgment. The purpose of a declaratory-judgment action is to establish existing rights, status, or other legal relations. Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (West 2008). A declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). The Holleys and HFE assert that they were entitled to a declaration that the 2003 judgment was unenforceable because it had been discharged or, in the alternative, a judicial determination of the effect that the supersedeas bond and the bankruptcy court's discharge order had on the 2003 judgment. They argue that if the 2003 judgment was not discharged in its entirety, then the "intervening bankruptcy proceedings made the amount owed by Don Holley and HFE unclear because the Bankruptcy Court did not address how the payment of the $100,000 supersedeas bond was applied."

A trial court generally has discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate the controversy between the parties. *Beadle*, 907 S.W.2d at 468. A declaratory-judgment action cannot be used, however, to have a prior judgment declared void; this has been held to constitute an impermissible collateral attack. *See Cohen v. Cohen*, 632 S.W.2d 172, 173 (Tex. App.—Waco 1992, no writ); *Sutherland v. Sutherland*, 560 S.W.2d 531, 533 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.). In *Sutherland*, the plaintiff brought a declaratory-judgment suit to "vacate, annul, or hold void a portion" of the parties' divorce decree, following an unsuccessful collateral attack on the divorce decree by writ of habeas

8

corpus after he had failed to perfect a direct appeal. 560 S.W.2d at 532-33. In holding that he was not entitled to pursue the declaratory-judgment action, the court explained that, "[u]nder the circumstances of this case, the only avenue left open to Mr. Sutherland to set aside that portion of the divorce decree which he alleges was void, was by bill of review," which was at that point time-barred. *Id.* at 533. Similarly, in *Cohen*, the plaintiff sought a declaration six years after the divorce decree was rendered that two provisions of the marital property division were void. 632 S.W.2d at 173. The court characterized the suit as an impermissible collateral attack because it sought to set aside the judgment on a ground other than that the trial court lacked jurisdiction of the parties or the subject matter, or that the judgment was void on its face. *Id.* at 174.

Similar considerations are at play when a declaratory judgment is sought not to declare an earlier judgment void, but to have a court merely "interpret" a prior judgment. *See Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 140 (Tex. App.—Tyler 2008, orig. proceeding) ("Declaratory relief is not available for the interpretation of a prior judgment entered by that or any other court."); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he use of a declaratory judgment suit to interpret a judgment of the same or another court is an impermissible collateral attack on the previous judgment."); *Cohen*, 632 S.W.2d at 173 ("The utilization of a declaratory judgment action is a collateral attack on the prior judgment and cannot be used for the purpose of asking a trial court to interpret a prior judgment entered by that or any other court."); *Speaker v. Lawler*, 463 S.W.2d 741, 742-43 (Tex. Civ. App.—Beaumont 1971, writ ref'd n.r.e.) ("[A] litigant cannot use [the declaratory judgments act] for the purpose of asking a trial court to interpret a prior judgment entered by that or another court.").

9

Texas courts have held that such suits are barred even when the claimants expressly stated that they were *not* seeking to declare the prior order void or unenforceable, but instead sought merely to clarify their rights under it. *See Rapid Settlements*, 251 S.W.3d at 140; *Martin*, 2 S.W.3d at 353. As the supreme court explained in *Browning*, while the subsequent action often "contemplates relief other than revoking the [prior] order, it necessarily challenges the integrity of the order and results in a review, perhaps a recalculation" of the matters at issue in the prior suit. 165 S.W.3d at 347.

One basis for holding that a suit for declaratory judgment to interpret a prior judgment is barred arises from the plain language of the declaratory judgments act, which does not entitle parties to seek judicial determination of their rights under a "judgment." As the court explained in *Speaker v. Lawler*:

> Article 2524-1 [the predecessor to civil practice and remedies code section 37.004] does not expressly provide for construction of a judgment, and we decline to extend its provisions by implication. Section 2 of this Act mentions specifically "a deed, will, written contract, or other writings constituting a contract" and also "Statute, municipal ordinance, contract, or franchise."[3] We have not been cited, nor have we found, a single case in Texas brought under this Act for the purpose of interpreting a judgment.

463 S.W.2d at 742. Yet another concern is that "such procedure would permit a new method of review of a prior judgment, and a party would be allowed declaratory relief without the existence of a justiciable controversy already within the court's jurisdiction, resulting in an impermissible advisory opinion." *Martin*, 2 S.W.3d at 354 (citing *Southwest Airlines Co. v. Texas*

---

[3] The text of the current statute is identical. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008).

*High-Speed Rail Auth.*, 863 S.W.2d 123, 125 (Tex. App.—Austin 1993, writ denied); *Speaker*, 463 S.W.2d at 742-43).

In an attempt to distinguish their suit, the Holleys and HFE rely on the supreme court's decision in *Bonham State Bank v. Beadle*. In *Beadle*, after the parties obtained judgments against one another in separate proceedings filed in two different states, the bank filed a declaratory-judgment action seeking to treat the adverse $75,000 judgment obtained by Beadle as an offset from its $1,650,000 judgment against him. *See* 907 S.W.2d at 466-67. Noting cases from numerous jurisdictions holding that a declaratory-judgment action is an appropriate vehicle for the offset of two final judgments, the supreme court determined that the situation posed a "bona fide, concrete controversy ripe for resolution by way of declaratory judgment." *Id.* at 467. The court gave considerable weight to the "very real concern that Beadle will be able to collect the $75,000 judgment, while Bonham Bank will be unable to collect its much larger judgment against Beadle, who may well be without funds to pay Bonham Bank." *Id.* at 469. To characterize the bank's suit as one for setoff, rather than a declaratory judgment to interpret a prior judgment, would "save the oppressive and ruinous sacrifice of property, . . . especially in cases where the insolvency of one of the parties prevents the possibility of recovery or compensation from him." *Id.* The Holleys and HFE urge that the intervention of the bankruptcy proceedings and discharge order present a scenario much like the offsetting judgments in *Beadle*. We disagree.

"*Beadle* applies to situations in which there are two previous, final judgments, held by each party against the other." *Lannie v. Emmons & Jackson, P.C.*, No. 01-05-01170-CV, 2006 Tex. App. LEXIS 6428, at *9 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem. op.);

11

*see Bonham State Bank*, 907 S.W.2d at 468. Here, however, the Holleys and HFE hold no judgment against the Wilbournes, nor do they assert that they are entitled to recoup any portion of the $100,000 supersedeas bond, or any other amount, against them. *Lannie v. Emmons* presents a more analogous case. In *Lannie*, the appellees obtained a judgment against the appellant, who later filed for bankruptcy. 2006 Tex. App. LEXIS 6428, at *2-3. The appellees filed a claim against the bankruptcy estate and made a demand for the amount of the prior judgment that remained unpaid. *Id.* at *3. The appellant then filed a declaratory-judgment action in state district court seeking a judgment "declaring the remaining obligations or indebtedness, if any," owed under the previous judgment and an accounting of all sums recovered by the appellees. *Id.* at *4. The First Court of Appeals held that this was an impermissible collateral attack, distinguishing *Beadle* in noting that the prior judgment "and any payments tendered as a result were neither subsequent nor extrinsic to the judgment such as to entitle Lannie to establish an offset through a declaratory action." *Id.* at *10 (citing *Beadle*, 907 S.W.2d at 466-67).

We hold that the Holleys and HFE's declaratory-judgment action for the purpose of declaring the 2003 judgment "unenforceable, discharged and satisfied" is barred as an impermissible collateral attack. We further hold that declaratory relief was not appropriate for their remaining claims seeking to have the court interpret the 2003 judgment and declare the amount of their remaining liability. We sustain the Wilbournes' first issue and therefore need not reach the remainder of their issues complaining of the sufficiency of the evidence supporting the trial court's judgment.

## CONCLUSION

The trial court erred in denying the Wilbournes' plea to the jurisdiction. Accordingly, we reverse the trial court's judgment and dismiss the Holleys and HFE's cause for lack of subject-matter jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Dismissed

Filed:   December 9, 2009

13